THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| WOMEN'S HEALTH CENTER OF WEST VIRGINIA, *on behalf of itself, its staff, and its patients*; and DR. JOHN DOE, *on behalf of himself and his patients*,<br><br>*Plaintiffs*,<br><br>v.<br><br>ASHISH P. SHETH, *in his official capacity as President of the West Virginia Board of Medicine*; and MATTHEW CHRISTIANSEN, *in his official capacity as Secretary of the West Virginia Board of Medicine*,<br><br>*Defendants*. | Civil Action No. 2:23-cv-00079<br><br>Hon. |

**[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY INJUNCTION**

This matter comes before the Court on Plaintiffs' Motion for Preliminary Injunction, filed by Plaintiffs Women's Health Center of West Virginia, on behalf of itself, its staff, and its patients; and Dr. John Doe, on behalf of himself and his patients; by and through their attorneys, against Defendants Ashish P. Sheth, in his official capacity as President of the West Virginia Board of Medicine; and Matthew Christiansen, in his official capacity as Secretary of the West Virginia Board of Medicine, seeking to enjoin Defendants, their employees, agents, delegates, and successors in office, and all those acting in concert with them, from enforcing or facilitating the enforcement of Chapter 16, Article 2R, of the West Virginia Code, or from taking any enforcement action or facilitating any enforcement action premised on a violation of W. Va. Code § 16-2R-1 *et seq.*, from enforcing Chapter 16, Article 2R, of the West Virginia Code, or from taking any enforcement action premised on a violation of W. Va. Code § 16-2R-1 *et seq.* that occurred while such relief was in effect, or from delegating such power to take such enforcement action or to

facilitate such enforcement action, and ordering that, pursuant to Section 16-2R-9 of the West Virginia Code, "the provisions of §16-2F-1 *et seq.*, §16-2I-1 *et seq.*, §16-2M-1 *et seq.*, § 16-2O-1, § 16-2P-1, § 16-2Q-1, and § 33-42-8" of the West Virginia Code are "immediately effective"; *see also* W. Va. Code § 16-2F-9; § 16-2I-9; § 16-2M-7; § 16-2O-1(e); § 16-2P-1(d); § 16-2Q-1(m); § 33-42-8(d). Plaintiffs further request that the Court waive the requirement for bond or security.

Having reviewed the arguments in support of and in opposition to this motion, and being fully advised, the Court hereby **GRANTS** Plaintiffs' motion, and finds that Plaintiffs have demonstrated that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm absent a preliminary injunction; (3) the balance of hardships weighs in their favor; and (4) preliminary relief is in the public interest.

Accordingly, it is hereby **ORDERED** that:

1. The Court hereby preliminarily **RESTRAINS** and **ENJOINS** Defendants, their employees, agents, delegates, and successors in office, and all those acting in concert with them, from enforcing or facilitating the enforcement of Chapter 16, Article 2R, of the West Virginia Code, or from taking any enforcement action or facilitating any enforcement action premised on a violation of W. Va. Code § 16-2R-1 *et seq.* that occurred while such relief was in effect, or from delegating such power to take such enforcement action or to facilitate such enforcement action; and **ORDERS** that, pursuant to Sections 16-2R-9, 16-2F-9, 16-2I-9, 16-2M-7, 16-2O-1(e), 16-2P-1(d), 16-2Q-1, 33-42-8(d) of the West Virginia Code, the provisions of §16-2F-1 *et seq.*, §16-2I-1 *et seq.*, §16-2M-1 *et seq.*, § 16-2O-1, § 16-2P-1, § 16-2Q-1, and § 33-42-8 of the West Virginia Code are "immediately effective."

2. The requirement for bond or security from Plaintiffs is **WAIVED**.

IT IS SO ORDERED.

Date: _____      _____
                                    United States District Judge