IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WOMEN'S HEALTH CENTER OF
WEST VIRGINIA, et al.,

                   Plaintiffs,

v.                                             CIVIL ACTION NO.   2:23-cv-00079

ASHISH P. SHETH, et al.,

                   Defendants.

**MEMORANDUM OPINION & ORDER**

The Court has considered the *Motion of Plaintiff Dr. John Doe to Proceed Under Pseudonym and for a Protective Order* (Document 6), *Plaintiffs' Motion for Leave to File Under Seal* (Document 8) (Sealed), and all attached exhibits. Plaintiff Dr. John Doe—who is a physician who provided abortions at the Plaintiff Women's Health Center of West Virginia (WHC)—requests a protective order placing his identity under seal and permitting him to proceed in this litigation under a pseudonym. The motion to seal seeks to file a sealed version of Dr. Doe's declaration in support of the motion to proceed under a pseudonym that includes his name and other identifying information. For the reasons stated herein, the Court finds the motions should be granted.

**FACTUAL BACKGROUND**

The Plaintiffs seek declaratory and injunctive relief against the enforcement of House Bill 302 (HB 302). Specifically, HB 302 contains a "Hospitalization Requirement" and a "Privileges Requirement" (collectively "Care Restrictions") on all abortion procedures, in addition to a non-

severability provision. (Compl. ¶ 1–5). The Plaintiffs argue that the effect of the Care Restrictions prevents the WHC from providing any abortion care at all, in violation of the due process and/or equal protection rights of the Plaintiffs as guaranteed under the Fourteenth Amendment.

Plaintiff Dr. John Doe was named anonymously upon filing, and now moves the Court to allow him to proceed under a pseudonym and enter a protective order placing his identity under seal. Dr. Doe states that "[a]bortion care is highly controversial, and physicians who perform abortions are often subjected to harassment, threats, and violence." (Doe Dec. at 2) (Document 6-3). Additionally, Dr. Doe states that he works at Plaintiff WHC's clinic, which has been the target of "threats, harassment, and intimidation," since 1990, including the presence of armed protestors. (*Id.*) Because of the national history of harassment and violence towards abortion care providers, and instances of harassment at Plaintiff WHC's clinic, Dr. Doe has taken precautions to hide his identity. These efforts included wearing plain clothes, hiding his medical equipment or attire, and wearing a mask when entering the clinic. (*Id.* at 3.) Also, he "never entered through the main entrance" of the clinic. (*Id.*) When traveling from the clinic, Dr. Doe made sure to "not make any stops until [he] was at least one hour away from the Center" and ensured that no cars were following him. (*Id.*) Even more, Dr. Doe has not disclosed to the public that he works at WHC, and he has advised his family to not disclose that he provides abortion care.

Dr. Doe fears not only harassment, intimidation, and violence from those that oppose abortion access, but also retaliation within his profession. What is more, Dr. Doe also fears that his close family members that live in West Virginia could be easily identified due to an uncommon

last name and proximity to Charleston, West Virginia—where Plaintiff WHC and this litigation are based.

## APPLICABLE STANDARD

Federal Rule of Civil Procedure 10(a) states that the complaint "must name all the parties," and there is a presumption that the openness of judicial proceedings includes disclosure of party names. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993) (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). However, "under appropriate circumstances," it is within the clear discretion of the trial court to allow the party to proceed in anonymity. *Jacobson*, 6 F.3d at 238. Simply stated, anonymity may be permitted when "privacy or confidentiality concerns are . . . sufficiently critical that parties or witnesses should be allowed this rare dispensation." *Id.*

This inquiry is fact-intensive and case-specific. To aid in this inquiry, the Fourth Circuit has provided the non-exhaustive *Jacobson* factors:

> (1) Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
> (2) Whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) The ages of the persons whose privacy interests are sought to be protected;
> (4) Whether the action is against a governmental or private party; and
> (5) The risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (enumeration and structure added); see also *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014)). The trial court must balance the factors against the public's interest in knowing the names of the litigants. *Pub. Citizen*, 749 F.3d at 273–74.

When considering a motion to seal, the public's interest is similarly considered. Before sealing, Fourth Circuit precedent requires that the trial court "(1) provide public notice of the

3

request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

## DISCUSSION

Regarding the Plaintiffs' request for Dr. Doe to proceed in anonymity, the Court first must assess the *Jacobson* factors, and determine whether they weigh in favor or against Dr. Doe proceeding in anonymity.

The first and second *Jacobson* factors—Dr. Doe's privacy interest and risk of retaliation—strongly counsel in favor of allowing Dr. Doe to proceed anonymously.   Central to the Plaintiffs' case is access to abortion care, a sensitive and nationally contentious topic.  Dr. Doe wishes to proceed anonymously not due to fear of personal embarrassment, but rather due to fear of harassment, threats, or other retaliatory action taken by those that disagree with access to abortion care and Dr. Doe's role in providing abortion care.   Dr. Doe has presented evidence that retaliation is a genuine concern, not just in a general sense, but also specific to the WHC in West Virginia, including the presence of armed protestors outside of the Plaintiff WHC's clinic.   This concern is not limited to himself, but also his family residing in West Virginia, who are innocent non-parties. Additionally, Dr. Doe has gone to great lengths to protect his identity and his abortion-related care. Dr. Doe is not seeking to conceal a public fact, rather, he seeks to "*preserve* privacy" regarding the highly personal and sensitive topic of abortion care. *Jacobson*, 6 F.3d at 238 (emphasis added).

The third *Jacobson* factor—the age of the person whose privacy interests are sought to be protected—does not counsel for or against proceeding in anonymity. The fourth factor—whether the action is against the government—cuts in favor of anonymity. Compared with actions against private parties, plaintiffs with claims against the government are more likely to be able to proceed in anonymity, because "actions against the government do no harm to its reputation." *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D. Va. 2016) (citing *Doe v. Pittsylvania County, Va.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012)). Here, the Defendants are government actors, focusing on their actions taken in their official capacity.

Similarly, the fifth factor—the prejudice to the Defendants if Dr. Doe was to proceed anonymously—is minimal. The identity of Dr. Doe is irrelevant to the "purely legal" merits of this case. *Doe v. Alaska*, No. 96–35873, 1997 WL 547941, at *1 (9th Cir. Sept. 2, 1997). The focal point of this case is the legal question of whether the Care Restrictions violate due process and/or equal protection. To the extent Dr. Doe's qualifications or history are relevant, they can be discussed without revealing his identity.

Clearly, the five *Jacobson* factors weigh strongly in favor of Dr. John Doe's request to proceed anonymously, and his interest in protecting himself and his family outweigh any interest the public has in knowing his identity. Therefore, Dr. Doe may proceed using a pseudonym.

Other federal courts, applying similar standards, have reached similar results. In fact, "a number of decisions have pointed to abortion as the paradigmatic example of the type of highly sensitive and personal matter that warrants a grant of anonymity." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001) (citing *Southern Methodist Univ. Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979); *see also Rankin v. New York Pub. Library*, 1999 WL

5

1084224, at *1 (S.D.N.Y. 1999); *Luckett v. Beaudet*, 21 F. Supp. 2d 1029, 1030 (D. Minn. 1998); *Heather K. v. City of Mallard*, 887 F.Supp. 1249, 1255 (N.D. Iowa 1995); *Doe v. Rostker*, 89 F.R.D. 158, 161 (N.D. Cal. 1981); *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974). This "paradigmatic example" extends not just to those seeking abortions, but also to physicians that provide abortions or are associated with abortion providers. *See e.g.*, *Planned Parenthood Arkansas & E. Oklahoma v. Jegley*, 4:15-CV-00784-KGB, 2016 WL 7487914, at *2 (E.D. Ark. Feb. 1, 2016); *Planned Parenthood Southeast, Inc. v. Strange*, 33 F.Supp.3d 1330, 1334 (M.D. Ala. 2014); *Choice, Inc. of TX v. Graham*, 226 F.R.D. 545, 548 (E.D. La. 2005); *Carhart v. Ashcroft*, 300 F. Supp. 2d 921, 922 (D. Neb. 2004).

Regarding Dr. Doe's request for a protective order placing his identity under seal, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

The Court finds that there has been sufficient notice to the public regarding the motion to seal. *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (noting that "docketing [the motion] reasonably in advance of deciding the issue is appropriate"). When documents are attached to dispositive motions, there is a presumed right of public access. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The *Motion of Plaintiff Dr. John Doe to Proceed Under Pseudonym and for a Protective Order* (Document 6) was filed and docketed on February 2, 2023.

The Court finds that disclosure of Dr. Doe's true name would forfeit the entire purpose of anonymity and necessitates a protective order. However, only Dr. Doe's true name [and identifying information] receives this protection. Many documents containing Dr. Doe's true name will include additional information not protected by the seal. Sealing an entire document merely because it has Dr. Doe's true name would unnecessarily preclude the public from examining the record in this case. Rather than keeping each document containing Dr. Doe's true name under seal, and excluded from the public eye, redaction or anonymization of Dr. Doe's name is appropriate.

Accordingly, if the parties wish to file a document containing Dr. Doe's true name under seal, a corresponding redacted or anonymized copy shall be filed publicly. If the Plaintiffs believe that redaction or anonymization of a document will still fail to adequately protect Dr. Doe' identity, the Plaintiffs may separately move to seal that individual document.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that the *Motion of Plaintiff Dr. John Doe to Proceed Under Pseudonym and for a Protective Order* (Document 6) be **GRANTED**. The Court further **ORDERS** that the *Plaintiffs' Motion for Leave to File Under Seal* (Document 8) be **GRANTED** and that the exhibits thereto (Document 8-2 and 8-3) be **FILED UNDER SEAL and remain SEALED** such that it is accessible only to this Court, the parties in this litigation, their counsel, and those employed by counsel. Dr. Doe may proceed under the pseudonym "Dr. John Doe." Any document submitted and signed using Dr. Doe's true name may be filed under seal to conceal it from public view and a corresponding redacted or anonymized copy shall be filed publicly. The parties, their counsel and counsel's employees are hereby **ORDERED** to keep the

identity of Dr. Doe, as presented in the declaration, filed under seal, strictly confidential and are prohibited from disclosing Dr. Doe's identity publicly or to any individual not subject to this Protective Order.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 16, 2023

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA