IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WOMEN'S HEALTH CENTER OF
WEST VIRGINIA, et al.,

                  Plaintiffs,

v.                                          CIVIL ACTION NO.   2:23-cv-00079

ASHISH P. SHETH, et al.,

                  Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *State of West Virginia's Unopposed Motion to Intervene and For Proposed Response Deadline* (Document 32) and the *State of West Virginia's Memorandum of Law in Support of Its Motion to Intervene and For Proposed Response Deadline* (Document 33). Therein, the State of West Virginia, by the Attorney General, seeks to intervene to defend the constitutionality of the statute challenged in this matter. It indicates that the Plaintiffs do not oppose its motion to intervene.

The State argues that it should be permitted to intervene as of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. Alternatively, the State requests leave to intervene under Rule 24(b). The State requests that the February 27, 2023 deadline imposed for the current Defendant to respond to the pending motion for a preliminary injunction be applied to it as well. It argues that its request to intervene is timely and will cause no delay or prejudice. It further contends that the State has a manifest interest in defending the constitutionality of state statutes,

including the statute at issue here. It asserts that its interests may be impaired absent intervention. It notes that "the Attorney General's right to speak on behalf of the State's legal interests is both unique and plenary," while "the existing parties' interests in defending West Virginia Code § 16-2R-3 may be narrower and more focused on their own particular realm of regulatory authority related to the new abortion statute," such that their representation could be "less vigorous" than representation provided by the Attorney General. (Mem. at 6.)

Rule 24(a) establishes intervention of right, providing that "[o]n timely motion, the court must permit anyone to intervene who…claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Fourth Circuit has held that "to intervene as a matter of right under Rule 24(a), a movant generally must satisfy four criteria: (1) timeliness, (2) an interest in the litigation, (3) a risk that the interest will be impaired absent intervention, and (4) inadequate representation of the interest by the existing parties." *Scott v. Bond*, 734 F. App'x 188, 191 (4th Cir. 2018).

The Federal Rules also allow for permissive intervention. Under Rule 24(b), "[o]n timely motion, the court may permit anyone to intervene who…has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

There is no question here that the State's motion to intervene is timely. This action was filed on February 1, 2023, and it moved to intervene on February 17, 2023. The named Defendants have not yet appeared. The State indicates that it is prepared to respond to the pending motion for a preliminary injunction by the previously established deadline of February 27, 2023.

2

Likewise, it is clear that the State has an interest in this litigation. The Plaintiffs allege that HB 302, a bill banning most abortions that was passed by the West Virginia Legislature on September 13, 2022, contains unconstitutional provisions, and a non-severability provision requires that the legislation as a whole be given no force or effect. The State has an interest in defending the constitutionality of its laws. *See, e.g. Berger v. N. Carolina State Conf. of the NAACP*, 142 S. Ct. 2191, 2201 (2022) ("No one questions that States possess a legitimate interest in the continued enforcement of their own statutes.") (internal quotation marks and punctuation omitted).

Because the State moves to intervene at the outset of this litigation, any attempt to evaluate the adequacy of the representation of the State's interest by the named Defendants (the President and Secretary of the West Virginia Board of Medicine) would be entirely speculative. The Defendants have not appeared, and the Court has no information regarding their position on the allegations or the vigor of their representation. The Court finds, however, that permissive intervention is appropriate, rendering it unnecessary to reach any conclusions on the the anticipated adequacy of the representation of existing parties. The State has shown that it has an interest in defending the constitutionality of the statute at issue, a defense that is central to the questions of fact and law presented in the main action. Intervention at this early stage eliminates any potential for prejudice or delay. The motion is unopposed. Therefore, the Court finds that the motion to intervene should be granted pursuant to Rule 24(b).

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *State of West Virginia's Unopposed Motion to Intervene and For Proposed Response Deadline* (Document 32) be **GRANTED** and that the State of West Virginia be permitted to **INTERVENE** in this matter. Finally, the Court **ORDERS** that State respond to the pending motion for a

preliminary injunction no later than **February 27, 2023,** and that the Plaintiffs' reply be filed no later than **March 15, 2023**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: February 21, 2023

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA